UNITED STATES of America, Plaintiff—Appellee,

v.

Darryl Tracy WINSTON, Defendant—Appellant.

No. 03–50108.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2004.

Decided May 20, 2004.

Ronald L. Cheng, Esq., Garth E. Hire, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: BROWNING, RYMER, and GRABER, Circuit Judges.

MEMORANDUM *

Defendant Darryl Tracy Winston timely appeals his conviction of and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

1. The district court applied the correct legal standard under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *See United States v. Steele,* 298 F.3d 906 (9th Cir.) (reviewing for clear error), *cert. denied,* 537 U.S. 1096, 123 S.Ct. 710, 154 L.Ed.2d 646 (2002). The court considered the relevant

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

circumstances surrounding the peremptory challenge to Juror Small and permissibly found that Defendant failed to establish a prima facie case of discriminatory motivation for the challenge.

2. We review for abuse of discretion the district court's exclusion, during cross-examination, of the sustained complaint against Officer Shears. *United States v. Geston,* 299 F.3d 1130, 1137 (9th Cir.2002). The court permissibly concluded that the probative value of the material was substantially outweighed by the potential for unfair prejudice, jury confusion, and a "mini-trial" about the circumstances surrounding the complaint.

3. The district court erred when it violated the requirements of Federal Rule of Criminal Procedure 32(i)(4)(A)(*ii*) by failing to address Defendant personally (rather than addressing counsel) in order to permit him to allocute. Because the district court had remaining discretion to impose a lower sentence than it in fact imposed, including discretion to depart downward as had been requested, we cannot say that the error was harmless. *United States v. Mejia,* 953 F.2d 461, 468 (9th Cir.1991), *abrogation on other grounds recognized by United States v. Caperna,* 251 F.3d 827, 830–31 (9th Cir. 2001). Accordingly, we remand for resentencing.

4. The district court permissibly applied a two-level enhancement pursuant to U.S.S.G. § 3C1.2. Defendant did not merely flee; while doing so he invaded a stranger's apartment while armed, which recklessly created a substantial risk of death or serious bodily injury to another person.[1]

---

1. Although we are remanding for resentencing, we reach this issue now for the sake of judicial economy; if the record remains unchanged with respect to this enhancement, it is not erroneous.

Conviction AFFIRMED; sentence VACATED and REMANDED for resentencing in a manner consistent with this disposition.